UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TERRY D. OGLE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No.: 3:20-CV-38-PLR-DCP |
| MICHAEL PARRIS, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Terry D. Ogle is a Tennessee inmate proceeding pro se on a federal habeas petition pursuant to 28 U.S.C. § 2254, in which he seeks to challenge the legality of his confinement under judgments of conviction for felony murder, aggravated robbery, and first-degree premeditated murder. Having considered the submissions of the parties, the State-court record, and the law applicable to Petitioner's claims, the Court finds that the petition should be denied.

**I.   FACTUAL AND PROCEDURAL HISTORY**

On May 1, 2000, Petitioner, along with Teddy Ogle and Ronnie Ray Ogle, pleaded guilty to felony murder, aggravated robbery, and first-degree premeditated murder. *Ogle v. State*, No. E2018-01520-CCA-R3-PC, E2018-01521-CCA-R3-PC, E2018-01522-CCA-R3-PC, 2019 WL 2355033, at *1 (Tenn. Crim. App. June 4, 2019), *perm. app. denied* (Tenn. Sept. 18, 2019). Petitioner received an effective sentence of life imprisonment without the possibility for parole. *Id.*

On November 2, 2017, Petitioner filed a pro se pleading styled "A Petition for Rule 60(b)" in the trial court [Doc. 8-1 p. 33-36]. In that pleading, he argued that his sentence was illegal because he was improperly extradited from Alabama, and the trial court improperly refused to

recuse itself [*Id.*]. The trial court construed the pleading as a petition for post-conviction relief, because Petitioner sought to relitigate matters that were raised in the trial court [*Id.* at 42-43]. The court dismissed the petition as untimely, as it was filed after the statute of limitations had expired [*Id.* at 43].

On appeal, the Tennessee Court of Criminal Appeals ("TCCA") found Petitioner's brief inadequate, because the issues presented for review were not supported by argument and did not correspond to the issues raised in the argument portion of the brief. *Ogle*, 2019 WL 2355033, at *1-2. The TCCA further concluded that the trial court properly construed Petitioner's pleading as a petition for post-conviction relief, and that the petition was, in fact, barred by the statute of limitations. *Id.* at *2-3. The Tennessee Supreme Court declined discretionary review [Doc. 8-7].

On or about November 15, 2019, Petitioner filed the instant petition raising the following claims, as paraphrased by the Court:

I. The TCCA erred when it construed his trial court pleading as a petition for post-conviction relief rather than a motion to correct an illegal sentence under Tennessee Rule of Criminal Procedure 36.1.

II. The trial court deprived Petitioner of his right to due process when it failed to make findings of fact and conclusions of law in denying Petitioner relief.

III. The trial court erred in refusing to recuse itself.

IV. Petitioner's guilty plea was not knowing and voluntary.

V. Trial counsel was ineffective in failing to call defense witnesses.

VI. The trial court erred by construing Petitioner's pleading as a petition for post-conviction relief and dismissing the petition without providing Petitioner an opportunity to amend.

VII. The appellate court and trial court erred in their construction of the petition.

VIII. An illegal arrest and extradition led to an illegal sentence.

IX.  Petitioner's guilty plea was illegal because it was based on erroneous information and an illegal statement.

X.  The trial court erred in failing to apply mitigating factors in imposing Petitioner's sentence.

XI.  Trial counsel rendered ineffective assistance in failing to utilize potential mitigation evidence from a mitigation specialist.

XII.  Petitioner was denied a fair and impartial sentencing proceeding.

[Doc. 1]. The Court ordered Respondent to respond to the petition, and Respondent did so by filing its answer on or about April 20, 2020 [Doc. 11]. Petitioner did not file a reply, and the time to do so has passed [*See* Doc. 7]. This matter is ripe for review.

## II.  DISCUSSION

### A.  Timeliness

#### 1.  Standard

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 337 (1997). Whether the instant petition is timely turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

3

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

### 2.  Analysis

Petitioner's convictions became "final" on May 31, 2000, when the time expired for him to seek a direct appeal from his May 1, 2000, guilty plea [Doc. 8-1 p. 20-22]. *See* Tenn. R. App. 4(a) (requiring notice of appeal to be filed within 30 days after entry of judgment appealed from); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (holding judgment of conviction entered upon guilty plea becomes final thirty days after acceptance of plea and imposition of sentence). Therefore, the statute of limitations began running the following day, June 1, 2000, and expired on June 1, 2001.[1] Petitioner did not file his federal habeas petition until on or about November 15, 2019, over eighteen years after the expiration of the federal statute of limitations. Therefore, the petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

---

[1] The Court notes that an amended judgment was entered in Petitioner's case on July 10, 2000 [Doc. 8-1 p. 22]. Because this did not increase Petitioner's sentence, however, the Court determines that it is not a new judgment that restarts the clock. *See, e.g., Freeman v. Wainwright*, 2020 WL 2394242, at *3 (holding "final judgment" in criminal case is the sentence, and modification without resentencing is not a "final judgment" that restarts § 2244(d)'s clock). However, even if this later date were used to restart the statute of limitations clock, the federal limitations period still would have expired in July 2001.

4

Petitioner argues that the federal statute of limitations commenced on July 1, 2016, when Rule 36.1 of the Tennessee Rules of Criminal Procedure was amended [Doc. 1 p. 27-28]. However, amendment of a State rule of procedure does not satisfy any of the criteria in 28 U.S.C. § 2244(d)(1)(B)-(D), and therefore, revision of the rule did not reset the statute of limitations clock. Additionally, because Petitioner's State-court pleading was not filed until after the statute of limitations had expired, it does not serve to toll the limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (holding that while a properly filed application for state post-conviction or other collateral relief may toll the statute of limitations, it "does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run").

Accordingly, the instant petition was not timely filed, and the Court can consider it only if Petitioner establishes an entitlement to equitable tolling of the limitations period. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (finding it is the petitioner's burden to demonstrate equitable tolling applies). To establish an entitlement to equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). It is an exception that should be granted "sparingly." *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012).

Petitioner asserts that he is entitled to equitable tolling of the limitations period, as his attorney filed a habeas petition in State court in 1997 that was never heard by the trial court [Doc. 1 p. 28-32]. However, he does not explain why he then waited nearly twenty years before filing anything else in State court. Therefore, he has not shown a diligent pursuit of his rights.

5

Moreover, he cannot show that any extraordinary circumstance stood in his way and prevented a timely filing of the federal habeas petition. Petitioner accuses the State of concealing his illegal seizure, alleging that the affidavit of arrest contained false and reckless statements [*Id.* at 30-31]. However, he does not identify these allegedly false statements, nor does he explain when he learned about the statements. Additionally, his claim that the State concealed evidence is a conclusory allegation that fails to constitute an extraordinary circumstance that prevented the timely filing of his habeas petition. *See, e.g., O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing" or relief). Therefore, the Court finds that equitable tolling is not appropriate in this case, and the instant petition will be dismissed as untimely.

### B. State-Law Issues

The Court additionally finds that the claims Petitioner raises in Claims I-III and VI-VII are based on the State court's application of State law. The Supreme Court has "stated many times that federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (internal quotation omitted). Therefore, Petitioner's claims regarding the construction of his petition and the procedures used by the trial court to adjudicate the petition cannot form the basis of federal habeas relief. Accordingly, Claims I-III and VI-VII are otherwise properly dismissed as non-cognizable.

### C. Procedural Default

The Court also notes that the doctrine of procedural default limits federal habeas review in this case. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (holding prisoner's procedural default forfeits his federal habeas claim). A procedural default exists in two circumstances: (1) where the petitioner fails to exhaust all of his available State remedies, and the State court to which

he would be required to litigate the matter would now find the claims procedurally barred[2], and (2) where a State court clearly and expressly bases its dismissal of a claim on a State procedural rule, and that rule provides an independent and adequate basis for the dismissal. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 729, 731-32, 735 n.1 (1991). A procedural default may be circumvented, allowing federal habeas review of the claim, only where the prisoner can show cause and actual prejudice for the default, or that a failure to address the merits of the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *see also Wainwright v. Sykes*, 433 U.S. 72, 87, 90-91 (1977).

"Cause" is established where a petitioner can show some objective external factor impeded defense counsel's ability to comply with the State's procedural rules, or that his trial counsel rendered ineffective assistance. *See id*. at 753. The prejudice demonstrated to overcome the default must be actual, not merely a possibility of prejudice. *See Maupin v. Smith*, 785 F.2d 135, 139 (6th Cir. 1986) (citations omitted); *see also United States v. Frady*, 456 U.S. 152, 170 (1982) (holding prejudice showing requires petitioner to bear "the burden of showing, not merely that the errors [in the proceeding] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions") (emphasis in original). A fundamental miscarriage of justice of occurs "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

---

[2] To exhaust a claim in state court, a petitioner must have fairly presented the claim through "one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. In Tennessee, presentation to the TCCA is sufficient for § 2254(b) exhaustion. *See Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003).

7

Case 3:20-cv-00038-PLR-DCP   Document 12   Filed 05/22/20   Page 7 of 9   PageID #: 197

Therefore, as stated above, failure to comply with a State procedural rule will foreclose habeas review of a claim if the decision of the State court rested on the State-law rule, and it is independent of the federal question and adequate to support the judgment. *See, e.g., Walker v. Martin*, 562 U.S. 307, 315 (2011). To determine whether a habeas claim is precluded by the failure to observe a State procedural rule, a reviewing court must determine: (1) whether an applicable rule exists with which the petitioner failed to comply; (2) whether the State courts actually enforced the rule; (3) whether the rule is an adequate and independent State rule on which the State can rely to foreclose review of the federal claim; and (4) whether cause exists for the petitioner's failure to follow the rule, and that he was prejudiced by the alleged error. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Here, Tennessee law requires that a petitioner must file a petition for post-conviction relief within one year "of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a). Petitioner's amended judgment became final on July 10, 2000, over seventeen years before he filed his petition for post-conviction relief [*See* Doc. 8-1 p. 25]. The State court enforced the procedural sanction in this case, as it refused to reach the merits of the petition due to the time bar. *Ogle*, 2019 WL 2355033, at *3. Federal courts have concluded that the one-year statute of limitations period constitutes an independent and adequate State-law ground for purposes of procedural default. *See Hutchison v. Bell*, 303 F.3d 720, 738-39 (6th Cir. 2002) (finding "Tennessee courts consistently enforce" the one-year limitations period absent "court-recognized procedure for tolling" upon "specific due process grounds"); *Moore v. Phillips*, No. 1:14-cv-1162, 2020 WL 475831, at *13 (W.D. Tenn. Jan. 29, 2020) (finding petition time barred under State rule procedurally defaulted on habeas review). Petitioner makes no

8

argument that cause and prejudice exist to excuse the default. Accordingly, the Court finds Petitioner's federal claims otherwise procedurally defaulted.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the instant petition is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied.

### IV. CONCLUSION

For the reasons set forth above, the instant petition will be **DENIED**, and this action will be **DISMISSED** with prejudice. A certificate of appealability will be **DENIED**.

Further, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**